# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA M. OPPE',

        Appellant,

        v.

DEPARTMENT OF STATE,

        Agency.

DOCKET NUMBER
DC-315H-15-0137-I-1

DATE: April 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Angela M. Oppe', New Castle, Washington, pro se.

Anne Joyce, Esquire, and Julie Falis, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the agency's termination during her probationary period for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      On February 17, 2010, the appellant was terminated from her position as a Contract Specialist, GS-01102-09, in the International Affairs Branch, Office of Logistics Management, Department of State, while serving a probationary period. Initial Appeal File (IAF), Tab 11 at 14, 18-19. She had been given a career conditional appointment in the competitive service effective August 30, 2009. *Id.* at 14. Her appointment was subject to a 1-year probationary period. *Id*. On February 16, 2010, the agency notified her that she would be terminated because she "failed to demonstrate [her] fitness and qualifications for continued employment . . . . [and] . . . failed to perform the duties of [her] position in an acceptable and satisfactory manner." *Id*. at 18.

¶3      The appellant filed this appeal on October 30, 2014.[2] IAF, Tab 1. The administrative judge dismissed the appeal for lack of Board jurisdiction without a hearing. IAF, Tab 12, Initial Decision (ID) at 1-2, 6. Because the case was filed more than 4 years and 7 months after the filing period ended, *see* 5 C.F.R.

---

[2] The appeal was postmarked October 30, 2014, and mailed to the Western Regional Office. The appeal was docketed in the Washington Regional Office on November 6, 2014. IAF, Tab 1.

§ 1201.22(b)(1), the administrative judge noted that the appeal appeared to be untimely filed without good cause shown for the delay, but he declined to make a finding on that issue, *see* ID at 1 n.1.  On review, the appellant challenges the validity of the initial decision.  Petition for Review (PFR) File, Tab 1.

¶4      A career or career-conditional employee terminated during her 1-year probationary period, as was the appellant, has limited appeal rights.  Persons in her status are specifically excluded from the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A).[3]  Probationary employees, however, have been given some appeal rights by regulation.  *See* 5 C.F.R. §§ 315.803-315.806.  A probationary employee may appeal a termination taken for reasons arising after appointment if she can make a good faith allegation that the termination was based on partisan political reasons or marital status.  5 C.F.R. § 315.806(b).  Further, a probationer terminated for reasons based wholly, or in part, on conditions arising before appointment, also may appeal her termination if she alleges that the agency failed to follow the specified procedural requirements of 5 C.F.R. § 315.805.  *See* 5 C.F.R. § 315.806(c).  If her termination is otherwise appealable under 5 C.F.R. § 315.806(b) or (c), she also may cite other forms of prohibited discrimination in her appeal.  *See* 5 C.F.R. § 315.806(d).  A terminated employee who appeals before the Board bears the burden of establishing the Board's jurisdiction.  *See* 5 C.F.R. § 1201.56(a)(2)(i).

¶5      The appellant did not allege pre-appointment reasons for her termination, nor did she allege that her termination was based on partisan political reasons or marital status.  *See* IAF, Tab 1 at 7, 16-17.  Instead, she argued in response to the administrative judge's jurisdictional order that she was entitled to lifetime reinstatement rights and benefits as a 10-point preference-eligible veteran who

---

[3] For jurisdictional purposes in a chapter 75 appeal, the term "'employee' means an individual in the competitive service who is not serving a probationary or trial period under an initial appointment; or who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A).

had already served a probationary period, and that pursuant to 5 C.F.R. § 315.401(b), she should not have been required to serve a probationary period.[4] IAF Tab 9 at 2-10. She argued that the agency ignored her September 28, 1979 Standard Form (SF) 50, and substituted a "fraudulent" SF-52, which did not show she had completed her probationary period. *See id.* at 7, 12-15. The SF-50 and other personnel documents, she argued, show that she finished a probationary period at the Veterans Administration in February 1979, and that she resigned from civilian employment with the Puget Sound Naval Shipyard on September 28, 1979, in order to re-enter military service. *See id.* at 7, 12-15; *see also* IAF, Tab 1 at 21-38. She argued that her 1978 and 1979 service, as well as service at the National Aeronautics and Space Administration (NASA) in 2004 and 2005, afforded her career status, and that the agency should have appointed her without requiring her to serve another probationary period. IAF, Tab 9 at 3-4. The appellant additionally referenced her previous appeal regarding probationary termination from NASA, effective February 15, 2005. She argued that the NASA appeal must be reconsidered along with the instant appeal, as the two appeals pertain to the same issue. IAF, Tab 1 at 2-3, 15-20. She reiterates these arguments on review. PFR File, Tab 1.

¶6      The appellant's termination from NASA was previously adjudicated, and a Board administrative judge issued an initial decision in 2005. *See Oppe' v. National Aeronautics and Space Administration*, MSPB Docket No. DC-315H-05-0351-I-1, Initial Decision (Apr. 28, 2005) (hereinafter *Oppe' I*). Neither party filed a petition for review of that decision. She has not identified any unusual or extraordinary circumstances that would justify the Board's reopening of that

---

[4] Subject to part 335 of Title 5, Code of Federal Regulations (provisions for promotion and internal placement), an agency may reinstate to the competitive service a person who previously was employed under a career or career-conditional appointment (or equivalent). There is no time limit for the reinstatement eligibility of a preference eligible or a person who completed the service requirement for career tenure. 5 C.F.R. § 315.401(a)-(b).

appeal. *See* 5 C.F.R. § 1201.118. In any event, the administrative judge dismissed as barred by collateral estoppel her concurrently-filed attempt to re-appeal her NASA termination.[5] *See Oppe' v. National Aeronautics & Space Administration*, MSPB Docket No. DC-315H-15-0136-I-1, Initial Decision (Dec. 31, 2014).[6]

¶7    As the administrative judge explained in *Oppe' I*, the requirement for completion of 1 year of current continuous service under 5 U.S.C. § 7511(a)(1)(A)(ii) can only be satisfied by completing such a period of employment immediately prior to the adverse action in question. *See Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 7 (2008) (the Board, interpreting and applying the Office of Personnel Management's regulations, has held that for competitive service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in federal civilian employment of a workday); *see also Oppe' v. National Aeronautics and Space Administration*, MSPB Docket No. DC-315H-05-0351-I-1, Initial Decision at 4 (Apr. 28, 2005). The period of civilian service upon which the appellant relies to support her jurisdictional argument here ended more than 24 years before her NASA appointment and more than 30 years before her appointment with the Department of State.

¶8    As for the appellant's contention that the agency failed to reinstate her to a career position without requiring her to serve a probationary period, the Board

---

[5] The administrative judge also might have relied upon collateral estoppel in dismissing the instant appeal. *See Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) (collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action).

[6] The appellant has filed a petition for review of the initial decision in *Oppe' v. National Aeronautics & Space Administration*, MSPB Docket No. DC-315H-15-0136-I-1.

lacks jurisdiction over an agency's decision not to reinstate an employee pursuant to 5 C.F.R. § 315.401. *See Hicks v. Department of the Navy*, 33 M.S.P.R. 511, 512-13 (1987) (5 C.F.R. § 315.401 does not provide the Board with jurisdiction over an agency's alleged denial of reinstatement rights under that section); *see also Fesler v. Department of the Interior*, 52 M.S.P.R. 660, 633 (1992). We also note that the plain language of 5 C.F.R. § 315.401 is permissive rather than mandatory, i.e., "an agency *may* appoint by reinstatement to a competitive service position a person who previously was employed under career or career-conditional appointment (or equivalent)." 5 C.F.R. § 315.401(a) (emphasis added). As a general matter, a person who is "given a career or career-conditional appointment" must complete a 1-year probationary period. *See* 5 C.F.R. § 315.801(a). The appellant's probationary period would have run for 1 year from her appointment on August 30, 2009, until August 29, 2010. She was removed during that period. She thus has not shown that she meets the definition of "employee" set forth in 5 U.S.C. § 7511(a)(1)(A). Accordingly, we find that the administrative judge correctly dismissed the appellant's appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.